# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

4:21CV171

| | | |
|---|---|---|
| SCRUM ALLIANCE, INC., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No.  4:20-CV-227 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SCRUM, INC., JEFF SUTHERLAND, | § | |
| and JJ SUTHERLAND, | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION & ORDER</u>

Pending before the Court is Defendants' Motion to Dismiss or, In the Alternative, to Transfer (Dkt. #107).  Having considered the relevant pleadings, the Court finds the Motion should be granted in part and denied in part.

## BACKGROUND

A more thorough factual background can be found in the Court's July 16, 2020 Memorandum Opinion and Order (Dkt. #72 at pp. 1–3).  Briefly, this case arises out of Plaintiff's allegations that Defendants used Plaintiff's trademarks without authorization to create a competing line of certification courses that teaches the Scrum framework.  Defendants deny these allegations.

Importantly here, the Motion pertains to the individual defendants, Dr. Jeff Sutherland and JJ Sutherland (collectively, the "Sutherlands"), and the single cause of action Plaintiff asserts against them—breach of contract.[1]   The Sutherlands argue, among other things, that the forum-selection clause (the "Clause") in their respective license agreements with Plaintiff require

---

[1] Defendants also appear to offer passing arguments related to Scrum, Inc.'s posture in the case.  Because of the Motion's lack of clarity as to the applicability of the arguments relating to Scrum, Inc. and the pending appeal regarding the preliminary injunction, the Court defers disposition of these issues as to Scrum, Inc.  *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 356–57 (5th Cir. 2020).

the Court to transfer the case to the United States District Court for the District of Colorado (Dkt. #107 at p. 8).  When the Sutherlands first entered their license agreements with Plaintiff, the Clause read, in relevant part:

> [Sutherland] and [Plaintiff] irrevocably consent to the exclusive jurisdiction and venue of the federal and state courts located in Denver, Colorado, and each irrevocably waives the right to trial by jury.

(Dkt. #22, Exhibit 5 at § 8.5; Dkt. #22, Exhibit 6 at § 8.5).  After litigation commenced, Plaintiff, pursuant to its purported contractual authority (*see* Dkt. #22, Exhibit 5 at § 8.8; Dkt. #22, Exhibit 6 at § 8.8), retroactively amended the same part of the Clause to read:

> [Sutherland] and [Plaintiff] irrevocably consent to the exclusive jurisdiction and venue of the federal and state courts located in Colorado and Texas.

(Dkt. #33, Exhibit 16 at p. 2).

On October 29, 2020, Defendants filed their Motion to Dismiss or, In the Alternative, to Transfer (Dkt. #107), currently before the Court.  On November 12, 2020, Plaintiff filed its response (Dkt. #114).  On November 19, 2020, Defendants filed their reply (Dkt. #117).  And on November 27, 2020, Plaintiff filed its sur-reply (Dkt. #121).

The Sutherlands present several arguments, but because the forum-selection clause resolves the Motion, the Court assumes without deciding that personal jurisdiction exists over the Sutherlands and proceeds to the forum-selection-clause issue.[2]

## LEGAL STANDARD

Forum-selection clauses are "contractual provision[s] in which . . . parties establish the place (such as the country, state, or type of court) for specified litigation between them." *Forum-Selection Clause*, BLACK'S LAW DICTIONARY (11th ed. 2019).  "[T]he appropriate way to

---

[2] Contrary to the Sutherlands' apparent contention (*see* Dkt. #107 at p. 21; Dkt. #117 at pp. 8–9), Plaintiff does not need to prove the Eastern District of Texas is a proper venue before invoking the forum-selection clause.  *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 658 (N.D. Tex. 2020).

enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013), which allows courts to "decline to exercise [their] jurisdiction and dismiss a case that is otherwise properly before [them] so that the case can be adjudicated in another forum," *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020). *See Sierra Frac Sand, L.L.C. v. CDE Glob. Ltd.*, 960 F.3d 200, 203 (5th Cir. 2020) ("*Forum non conveniens* is a common law doctrine that promotes convenient trials." (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981))). "[F]or the subset of cases in which the transferee forum is within the federal court system," Congress codified the doctrine of *forum non conveniens* in 28 U.S.C. § 1404(a), "replac[ing] the traditional remedy of outright dismissal with transfer." *Atl. Marine*, 571 U.S. at 60. Even though forum-selection clauses are products of state contract law, federal law governs their enforceability. *Liverpool FC Am. Mktg. Grp., Inc. v. Red Slopes Soccer Found.*, No. 4:17-CV-00756, 2018 WL 2298388, at *5 (E.D. Tex. May 21, 2018); *see Bruckner Truck Sales, Inc. v. Hoist Liftruck Mfg., LLC*, No. 2:20-CV-180-M-BQ, 2020 WL 6799179, at *4 (N.D. Tex. Nov. 19, 2020) ("Federal law, specifically 28 U.S.C. § 1404(a), governs whether to give effect to the parties' forum-selection clause." (cleaned up) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988))).

In cases not involving a forum-selection clause, § 1404(a) requires courts to "evaluate both the convenience of the parties and various public-interest considerations" to determine the propriety of transfer. *Atl. Marine*, 571 U.S. at 62; *see Garrett v. Hanson*, 429 F. Supp. 3d 311, 317 (E.D. Tex. 2019). "But in cases where there is a valid forum-selection clause, 'the calculus changes,' because the clause 'represents the parties' agreement as to the most proper forum.'" *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 745 (N.D. Tex. 2018) (quoting

*Atl. Marine*, 571 U.S. at 63).  Before conducting this analysis, several threshold determinations must be made regarding the forum-selection clause in question.

At the outset, a court must determine whether the forum-selection clause is part of a valid contract.  *Oxysure Sys., Inc. v. Castaldo*, No. 4:15-CV-324, 2016 WL 1031172, at *2 (E.D. Tex. Mar. 15, 2016).  Additionally, the dispute at issue must "unquestionably fall[] within the scope of that contract."  *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, No. 2:14-CV-00019, 2014 WL 7240050, at *2 (E.D. Tex. Dec. 19, 2014).  Once past these hurdles, a court must then analyze whether the forum-selection clause is mandatory or permissive.  *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 917 (W.D. Tex. 2016).  And only after making this determination can a court reach the final preliminary inquiry and evaluate the enforceability of a forum-selection clause.  *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016).

If the forum-selection clause satisfies these inquiries, the next step is to conduct the venue-transfer analysis the Supreme Court outlined in *Atlantic Marine*.  *In re Rolls Royce Corp.*, 775 F.3d 671, 678 (5th Cir. 2014).  This analysis is identical to that of a standard § 1404(a) analysis—with three exceptions.  First, because a plaintiff effectively exercises their "venue privilege" prior to the litigation by executing a contract containing a forum-selection clause, plaintiff's "choice of forum" when filing the lawsuit "merits no weight."  *Atl. Marine*, 571 U.S. at 63.  Second, because parties to a forum-selection clause "waive the[ir] right to challenge the preselected forum," a court must find "the private-interest factors to weigh entirely in favor of th[at] preselected forum."[3]  *Id.* at 64.  And third, "when a party bound by a forum-selection clause

---

[3] As a result, the only considerations left are § 1404(a)'s public-interest factors.  *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 545 (5th Cir. 2018) ("The existence of a mandatory, valid and enforceable forum-selection clause means that we afford no weight to plaintiff's choice of forum and consider only the following public-interest factors: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.").

flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* "Accordingly, in a case involving a forum-selection clause, 'a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.'" *Mallory v. Lease Supervisors, LLC*, No. 3:17-CV-3063-D, 2020 WL 3452980, at *2 (N.D. Tex. June 24, 2020) (quoting *Atl. Marine*, 571 U.S. at 52); *see In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 397 (3d Cir. 2017) ("Where contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum-selection clause 'in all but the most unusual cases,' . . . ." (cleaned up) (quoting *Atl. Marine*, 571 U.S. at 66)).

## ANALYSIS[4]

### I.     Forum-Selection Clause

The parties do not contest that Plaintiff's breach-of-contract claim against the Sutherlands falls within the scope of the Clause and that the Clause is mandatory—they only disagree as to the Clause's validity and enforceability.  Because the enforceability issue is dispositive, the Court assumes without deciding that the Clause is part of a valid contract and proceeds to the enforceability analysis.

Plaintiff and the Sutherlands couch their positions regarding the Clause's enforceability in state-law terms.[5]  The Sutherlands argue that, absent their consent, Plaintiff's "unilateral and

---

[4] Time and again, the Sutherlands attempt to tie the breach-of-contract claim against them to the trademark-infringement claim against their co-defendant, Scrum, Inc. (Dkt. #107 at pp. 22 n.6, 23; Dkt. #117 at p. 11). These claims are distinct from one another, evident in that the breach-of-contract claim and the trademark-infringement claim have been adjudicated separately.  *Scrum All., Inc., v. Scrum, Inc.*, No. 4-20-cv-227, 2020 WL 4016110 (E.D. Tex. July 16, 2020), *appeal docketed*, No. 20-40529 (5th Cir. Aug. 24, 2020).  The Court finds the analyses of these claims to be independent from one another at this stage (*see* Dkt. #71 at p. 85:18–22; Dkt. #114 at pp. 31–32).

[5] The parties agree Colorado law governs interpretation of the Clause (Dkt. #107 at p. 24; Dkt. #114 at p. 32).  *See Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015).

retroactive amendment" to the Clause adding Texas as a potential forum is "plainly impermissible" under Colorado law (Dkt. #107 at p. 25).  Plaintiff counters that the addition of Texas as a possible forum to the Clause's language is within its rights under the contract and valid under Colorado law (Dkt. #114 at pp. 30–31).

These arguments concern the Clause's *validity*—specifically, which version of the Clause is operative.  In reality, the pivotal issue here is the Clause's *enforceability*, a determination which federal law governs.  *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016); *see Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997) (indicating federal law's applicability to the enforceability question irrespective of the jurisdictional basis).  Applying Colorado law to the extent either side urges would not affect the analysis the Court finds determinative.  *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d Cir. 2017) ("The interpretation of a forum selection clause is an analytically distinct concept from the enforceability of that clause." (citing *Weber*, 811 F.3d at 770)).  In other words, whether the Court determines that Plaintiff's amendment to the Clause is valid as a matter of state contract law does not impact the immediate result.  As such, the Court focuses on the Clause's enforceability.

Normally, determining the enforceability of a forum-selection clause involves analyzing the reasonableness of enforcement itself.  *See, e.g.*, *Huawei Techs. Co., Ltd. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *4–6 (E.D. Tex. Apr. 25, 2018); *J.D. Fields & Co., Inc. v. Shoring Eng'rs*, 391 F. Supp. 3d 698, 705–06 (S.D. Tex. 2019).  The immediate question, however, is which version of the Clause was in effect at the beginning of the litigation.  Federal district courts in Texas have consistently held that "venue is determined at the time a complaint is filed." *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006); *see, e.g.*, *Am. Home Mortg. Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648, 651 (N.D. Tex. 2010);

6

*Glazier Grp., Inc. v. Mandalay Corp.*, No. CIV.A. H-06-2752, 2007 WL 2021762, at *12 (S.D. Tex. July 11, 2007).  Plaintiff filed its initial complaint on March 18, 2020 (Dkt. #1).  As far as the Court can glean from the record, Plaintiff and the Sutherlands have always "irrevocably consent[ed]" in their respective license agreements "to the exclusive jurisdiction and venue of the federal and state courts located in Denver, Colorado" (Dkt. #22, Exhibit 5 at § 8.5; Dkt. #22, Exhibit 6 at § 8.5).  And by Plaintiff's own admission, the Clause was modified to read "the exclusive jurisdiction and venue of the federal and state courts located in Colorado and Texas" either in May or June of 2020 (Dkt. #56, Exhibit 1 at p. 128:2–6; Dkt. #71 at p. 38:17–24).  Because the language regarding Texas was actually incorporated into the Clause a few months after Plaintiff filed the initial complaint, the Court cannot consider the change when analyzing the Clause's enforceability.  *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) ("The district in which proper venue lies 'is determined at the time the complaint is filed and is *not affected by a subsequent change of parties*.'" (emphasis added) (quoting *Sidco Indus., Inc. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1346 (D. Or. 1991))).

Plaintiff offers two arguments as to why the Court should consider the contract modification in its venue analysis, neither of which is availing.  First, Plaintiff argues that it "exercised its right, in its sole discretion, 'at any time to modify, alter or update'" the Clause with retroactive effect to include Texas as a viable forum (Dkt. #114 at pp. 30–31; *see* Dkt. #22, Exhibit 5 at § 8.8; Dkt. #22, Exhibit 6 at § 8.8).  As the Court previously addressed, this argument relates to the Clause's terms and meaning within the license agreements—not the Clause's enforceability in this litigation.  The modification may be entirely acceptable under Colorado law, but federal law governing forum-selection clauses froze the Clause's language when Plaintiff filed its initial complaint.  *Cf. MacKenzie v. Carson*, No. 3:15-CV-0752-D, 2017 WL 5626349, at *4 (N.D. Tex.

7

Nov. 22, 2017) (determining propriety of venue based on a litigant's residence when the suit commenced). At that time, the Clause did not include the Texas language, which means Colorado is the only forum available to resolve the breach-of-contract dispute between Plaintiff and the Sutherlands. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) (stating that "[e]vents occurring subsequent to the institution of suit" do not affect a court's ability to hear a case). Furthermore, permitting alterations to the Clause through retroactive contract modification would subvert constitutional principles of federalism. *See Kansas v. Garcia*, 140 S. Ct. 791, 801 (2020) ("If federal law 'imposes restrictions or confers rights on private actors' and 'a state law confers rights or imposes restrictions that conflict with the federal law,' 'the federal law takes precedence and the state law is preempted.'" (quoting *Murphy v. NCAA*, 138 S. Ct. 1461, 1480 (2018))); *Silverman v. State Bar of Tex.*, 405 F.2d 410, 413 (5th Cir. 1968) ("[W]hen state law touches on an area of [federal law], federal policy may not be set at naught and its benefits may not be denied by state law, even if the state law is enacted in the exercise of otherwise undoubted state power.").

Plaintiff additionally argues that the Sutherlands waived their right to transfer pursuant to the Clause because they initially maintained the breach-of-contract claim "fell within the scope of an arbitration agreement and Delaware forum selection clause that were included in the parties' joint venture agreement" (Dkt. #114 at p. 32). A party waives its right to enforce a forum-selection clause "if it (1) substantially invokes the judicial process in derogation of the forum selection clause and (2) thereby causes detriment or prejudice to the other party."[6] *SGIC*, 839 F.3d at 426–

---

[6] Another line of authority the Fifth Circuit considers "applies a traditional waiver standard to forum selection clauses" based on state law. *SGIC*, 839 F.3d at 426. Plaintiff implicitly invoked this test by arguing that the Clause is for its own benefit and that the provision can be unilaterally waived (Dkt. #114 at p. 30). Under Colorado law, it is true that an individual "may waive a formal condition inserted in a contract for [their] benefit, and the waiver need not be express." *Fravert v. Fesler*, 53 P. 288, 290 (Colo. App. 1898). "But it is equally true that 'a waiver of contract requirements and conditions may not be made unilaterally when it would deprive the nonwaiving party of a benefit under the provision in question.'" *Avicanna Inc. v. Mewhinney*, No. 18CA1331, 2019 WL 3949256, at *3–4 (Colo.

27 (internal quotation marks and brackets omitted) (quoting *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 402 (5th Cir. 2016)).  But Plaintiff does not cite any case law supporting its claim that the Sutherlands' action constitutes a substantial invocation of the judicial process (Dkt. #117 at p. 12).  Responding to Plaintiff's lawsuit as Defendants have here "merely indicates an intention to defend itself in the forum chosen by [Plaintiff]" and does not demonstrate "an intention to waive its right under the [Clause]."  *Blue World Constr., Inc v. Gma Garnet USA*, No. 4:19-CV-03538, 2020 WL 4903846, at *4 (S.D. Tex. Aug. 20, 2020).  Together with the strong presumptions "against finding waiver" and "in favor of enforcing mandatory forum-selection clauses," *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-0210-FB, 2018 WL 5733190, at *2 (W.D. Tex. Sept. 4, 2018), the Court finds Plaintiff's waiver argument unpersuasive.

In sum, the language in a forum-selection clause at the time a plaintiff files the initial complaint controls the venue determination.  Because the Clause did not include Texas as a potential forum at the time Plaintiff filed its first complaint, the Court cannot consider Texas as a viable forum for purposes of enforcing the Clause.

## II.     Splitting Claims

Despite the necessity of transfer, Plaintiff argues that only the breach-of-contract claim against the Sutherlands should be transferred, not all claims in the case (Dkt. #114 at pp. 31–32).  The Sutherlands disagree, maintaining their alleged use of the infringing marks is "inexplicably tied" to Plaintiff's other claims (Dkt. #117 at p. 11).  Ultimately, Plaintiff's position is more feasible.

As the Sutherlands frequently emphasize, they are entirely separate from their affiliated entity, Scrum, Inc. (Dkt. #107 at pp. 16–17; Dkt. #117 at pp. 5–7).  The Sutherlands, and not

---

App. Aug. 22, 2019) (quoting 13 WILLISTON ON CONTRACTS § 39:24 (4th ed.)).  Because Plaintiff does not adequately demonstrate that the Clause was intended to benefit Plaintiff alone, this argument is unconvincing.

Scrum, Inc., are the subjects of both the Motion and, more importantly, the Clause.  To hold that a forum-selection clause binding one defendant would apply to a claim *sounding in tort* against a co-defendant not bound by that same forum-selection clause makes little sense.  And even though splitting the proceedings between forums is less than desirable, "the Court's 'twin commitments to upholding forum-selection clauses where they are found to apply and deferring to a plaintiff's proper choice of forum constrain [the Court] in the present context to treat Plaintiff's claims separately.'"  *Oxysure Therapeutics, Inc. v. Gemini Master Fund, Ltd.*, No. 4:15-CV-821-ALM-CAN, 2016 WL 4083241, at *11 (E.D. Tex. July 8, 2016) (cleaned up) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 393 (2d Cir. 2007)), *report and recommendation adopted*, 2016 WL 4039226 (E.D. Tex. July 28, 2016).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss or, In the Alternative, to Transfer (Dkt. #107) is **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, the Court **SEVERS** the breach-of-contract claim against Dr. Jeff Sutherland and JJ Sutherland and directs the Clerk of the Court to **TRANSFER** the new case to the United States District Court for the District of Colorado in accordance with 28 U.S.C. § 1404(a).

It is **FURTHER ORDERED** that all other claims in the Second Amended Complaint shall remain before the Court.

**IT IS SO ORDERED.**

 **SIGNED this 26th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE